**PETITION FOR NATURALIZATION
No. 8314 of Mahmoud KASSAS.**

**No. 3–91–1036.**

United States District Court,
M.D. Tennessee,
Nashville Division.

March 23, 1992.

John F. Cook, Immigration and Naturalization, Memphis, Tenn., for Immigration and Naturalization.

James Patrick Chesser, Nashville, Tenn., for petitioner.

## MEMORANDUM

HIGGINS, District Judge.

This matter is before the Court on a petition for naturalization filed by Mahmoud Kassas. Also before the Court are the findings of fact, conclusions of law and recommendations of the designated naturalization examiner. A hearing was held before the Court at which the petitioner testified. The Immigration and Naturalization Service recommends that the petition for naturalization be denied.

The petitioner is a native citizen of Syria, who was lawfully admitted for permanent residence in the United States as of March 27, 1987. The petitioner is an adherent of the Islamic religious faith. The Service objects to the petitioner's naturalization on the grounds that: (1) the petitioner has failed to establish that he is eligible to take the oath of allegiance required by section 337(a) of the Immigration and Nationality Act (8 U.S.C. § 1448(a)); and (2) the petitioner has failed to establish that he is attached to the principles of the Constitution of the United States and is well disposed to the good order and happiness of the United States as required by Section 316(a) of the Immigration and Nationality Act (8 U.S.C. § 1427(a)). The specific issue is whether the petitioner can and will swear, without any mental reservation, by taking the Oath of Renunciation and Allegiance, to "bear arms on behalf of the United States when required by the law." 8 U.S.C. § 1448(a)(5)(A).

According to the record, at his preliminary investigation by the Service, the petitioner testified that he would be willing to take the full oath of allegiance to the United States; however he expressed reservations about bearing arms on behalf of the United States against persons of the Islamic faith or a predominately Islamic country.

The petitioner was questioned in more detail on this matter at his preliminary examination which was held immediately thereafter. It was the petitioner's belief that if he killed a member of the Islamic faith or if he in turn were killed by a member of the Islamic faith, he would be condemned to hell. The only exception to this would be if an Islamic country attacked or invaded the United States. Petitioner was unclear as to what exactly constituted an "Islamic Country." The petitioner was clear that he would be willing to bear arms against India or China, but not Iran. Additionally, at the hearing before

the Court, petitioner testified that there were no conditions under which he would bear arms, except as allowed by Islamic law.[1]

Section 316(a) of the Act, 8 U.S.C. § 1427(a), provides that no person shall be naturalized unless he is "attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." Congress has recognized that some people have deeply held religious beliefs which prohibit them from bearing arms under any circumstances, and thus has provided that where a person is opposed to bearing arms as a result of his religious training and beliefs, he may nevertheless be naturalized upon the taking of a modified oath. 8 U.S.C. § 1448(a).

The legislative history of the Immigration and Nationality Act of 1952 reveals that when Congress recognized the exemption from the military service for conscientious objectors, it intended to place the naturalized citizen on equal footing with the native born citizen. H.R.Rep. No. 1365, 82nd Cong., 2nd Sess. 82 (1952), *reprinted in* U.S.C.C.A.N. 1653, 1741. The House and Senate conferees also determined that the eligibility for a modified oath would be determined in accordance with the standards used under the Selective Service Act of 1948. *Id.* at 1756.

The record indicates that petitioner's reasons opposing the bearing of arms is a result of his religious training and beliefs. The Service argues that petitioner is not eligible for an exemption from swearing to section (5)(A) of the Oath, because he is opposed only to some, but not all wars. In *Gillette v. United States*, 401 U.S. 437, 443, 91 S.Ct. 828, 832, 28 L.Ed.2d 168, 176 (1971), the Supreme Court held that a similarly based exemption from military service is only available where the individual is opposed to "participation in war in any form."

Considering this legislative background and in view of the identical wording in both the selective service and naturalization exemptions, the Service asserts that the petitioner does not qualify for a modified oath. The petitioner, by reserving his right to make future decisions regarding his participation in the armed forces of the United States, has demonstrated that he cannot take this obligation, the oath of allegiance, without mental reservations. Furthermore, the Service argues the petitioner has failed to establish that he is attached to the principles of the Constitution as required by section 316(a) of the Act, 8 U.S.C. § 1427(a). The petitioner, by reserving unto himself when he will or will not serve in the armed forces, is, in effect, stating when he will or will not obey the law.

The Court has fully considered the record and the testimony of the petitioner. The petitioner's testimony at the preliminary investigation, and at the preliminary examination, along with his testimony before the Court, indicates the petitioner is only opposed to some, but not all war.

The Court finds that the petition of Mahmoud Kassas for naturalization should be denied.

---

1. It appears to the Court that the petitioner has switched his position from that advanced before the examiner to the effect that he could bear arms on behalf of the United States except as to Islamic nations, and that advanced before the Court to the effect that he is precluded by his religion from killing anyone except as provided by Islamic law and is willing to perform non-combatant service.